IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

DIANE ORLIKOFF,

    Plaintiff,

v.

STRALEY & OTTO, P.A..,

    Defendant.

_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, DIANE ORLIKOFF ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Pembroke Pines.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, STRALEY & OTTO, P.A., ("Defendant") or ("STRALEY") is a corporation professional association who at all relevant times was engaged, by use of the mails

and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with the collection of an alleged debt, Defendant, via its agents and/or employees, contacted Plaintiff via written communication on June 24, 2010, and at such time, Defendant alleged that Plaintiff owed $581.00 for late maintenance fees. (See June 24, 2010 correspondence, attached hereto as Exhibit "A").

12. Defendant, via its agents and/or employees, contacted Plaintiff via written communication on August 1, 2010, and at such time, Defendant alleged that Plaintiff owed $1,280.00 for late maintenance fees and attorneys fees. (See August 1, 2010 correspondence, attached hereto as Exhibit "B").

13. Defendant, via its agents and/or employees, contacted Plaintiff via written communication on September 2, 2010, and at such time, Defendant alleged that Plaintiff owed

$1,524.00 for late maintenance fees and attorneys fees.  (See September 2, 2010 correspondence, attached hereto as Exhibit "C").

14.    Defendant, via its agents and/or employees, contacted Plaintiff via written communication on December 13, 2010, and at such time, Defendant alleged that Plaintiff owed $2,031.00 for late maintenance fees and attorneys fees.  (See December 13, 2010 correspondence, attached hereto as Exhibit "D").

15.    Defendant, via its agents and/or employees, contacted Plaintiff via written communication on January 13, 2011, and at such time, Defendant alleged that Plaintiff owed $2,304.00 for late maintenance fees and attorneys fees.  (See January 13, 2011 correspondence, attached hereto as Exhibit "E").

16.    However, Plaintiff has not missed an assessment payment and had delivered all checks to the maintenance company on time, and as such, Defendant falsely represented the character, amount, or legal status of Plaintiff's debt.

17.    In connection with the collection of an alleged debt, Defendant sent Plaintiff initial written correspondence date June 24, 2010 in which Defendant stated, in relevant part as follows:

> "In compliance with 15 U.S.C §1692(g)(a) the aforementioned attorney is attempting to collect a debt and any information obtained thereto will be used for that purpose. The above reference Association is the creditor to whom the debt is owed.  Unless you, the debtor, within thirty (3)) days after receipt of this notice, dispute the validity of the aforesaid debt or any portion thereof, the aforementioned attorney will assume that said debt is valid.  If you notify the aforementioned attorney in writing within the thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the aforementioned attorney shall obtain written verification of the said debt and mail same to you."
> (See Exhibit "A").

18.     In such statements, Defendant failed to provide Plaintiff with all the disclosure required pursuant to 15 U.S.C §1692g(a) and further to provide Plaintiff with such disclosures within five (5) days thereafter.  Specifically, Defendant failed to advise Plaintiff that, upon her written request within the thirty-day period, Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

19.     In connection with the collection of an alleged debt, Defendant sent Plaintiff initial written correspondence date June 24, 2010 in which Defendant stated, in relevant part as follows:

> "In the event that full payment of the sum of $581.00 is not received in this office, in the form of a cashier's check or money order(s) payable to Straley & Otto, P.A., Trust Account, by no later than thirty (30) days from your receipt of this letter, the Association intends to file a Claim of Lien against your unit/lot for the unpaid maintenance/assessments."
> (See Exhibit "A").

20.     In such statements, Defendant threatened that further collection activity would take place during the initial thirty (30) days dispute period were Plaintiff to fail to contact Defendant, and further threatened legal action and the imposition of court costs and attorney's fees, which, when read along with Defendant's use of the above sentence, would be construed by the least sophisticated consumer to mean that litigation was imminent, and that Plaintiff was required to pay the debt prior to the expiration of the 30 day dispute period, and as such, overshadowed and obscured the disclosures required.

## **COUNT I**

21.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

22. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

24. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

26. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required during the thirty-day dispute period, including threatening to take immediate action against Plaintiff and disclaiming the validity of the disclosures in the same conversation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 13th day of June, 2011.

Respectfully submitted,
**DIANE ORLIKOFF**


By: <u>s/ Alex D. Weisberg</u>
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com